**Cristina Galeas CASTANEDA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 93–9549.

United States Court of Appeals, Tenth Circuit.

Aug. 17, 1994.

---

Daniel M. Kowalski, Denver, CO, for petitioner.

Frank W. Hunger, Asst. Atty. Gen., Civil Div., Mark C. Walters, Acting Asst. Director, Office of Immigration Litigation, Civil Div., Alison R. Drucker, Atty., Office of Immigration Litigation, Civil Div., Dept. of Justice, Washington, DC, for respondent.

Before SEYMOUR, Chief Judge, McKAY, LOGAN, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, KELLY, and HENRY, Circuit Judges, and BROWN,* District Judge.

### ORDER

This matter is before the court for consideration of a petition for rehearing and suggestion for rehearing in banc. For the reasons that follow, the hearing panel has concluded its original disposition is correct and the petition should be denied. The petition having been denied on the merits by the panel to which the case was submitted, the suggestion for rehearing in banc was transmitted to all the judges of the court in regular active service in accordance with Rule 35(b) of the Federal Rules of Appellate Procedure. No member of the hearing panel and no judge in regular active service on the court having requested that the court be polled on rehearing in banc, Rule 35, Federal Rules of Appellate Procedure, the suggestion for rehearing in banc is denied as well.

The petition challenges our prior decision only with respect to the issue of voluntary departure. *See generally Castaneda v. INS,* 23 F.3d 1576, 1578–83 (10th Cir.1994). Petitioner claims we erred in denying, for lack of jurisdiction, her request for leave to depart voluntarily following the conclusion of her appeal. Petitioner now contends, contrary to the position she expressly took in her appellate brief, *see id.* at 1580, that she is not requesting an extension or reinstatement of the temporary privilege of voluntary departure previously granted by the Board of Immigration Appeals (BIA), which is concededly the province of the INS district director, but rather invoking the established jurisdiction of this court to review the BIA's decision on the matter.

This newly raised argument is specious. Petitioner did not (1) request an extended or indefinite departure date from the BIA, (2) object to the date assigned by the BIA, or (3) designate the BIA's action on voluntary departure as one of her assignments of error for review. In short, petitioner neither presented, preserved, nor appealed the issue she now attempts to rely on as the vehicle permitting this court to circumvent the district director's exclusive authority over the extension and reinstatement of voluntary departure.

The authorities cited in the petition, which unlike this case, involve *adverse* voluntary departure decisions *appealed* by the aggrieved petitioner, are obviously inapposite. The fact that, as we acknowledged in our opinion, a deportable alien may appeal the BIA's *denial* of a request for voluntary departure (which would appear to preclude subsequent "reinstatement" or "extension" of such relief by the district director), *see id.* at 1579, does not suggest that the alien who has been granted all she has requested in this regard from the BIA may later seek the extension or reinstatement of such relief in the guise of an appeal from that entirely favorable decision.

Finally, petitioner again cites the Ninth Circuit's decision in *Contreras–Aragon v. INS,* 852 F.2d 1088 (9th Cir.1988) (in banc), as exemplifying the approach this court should emulate. Our considered reasons for declining to do so are fully spelled out in our prior opinion. *See Castaneda,* 23 F.3d at 1580–83.

Accordingly, the petition for rehearing and suggestion for rehearing in banc is DENIED.

---

* Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.