Mlawaa I. ABDALLA, also known as Miawea Abdalla, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

Nos. 93–9590, 94–9530.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1994.

Daniel M. Kowalski, Denver, CO, for petitioner.

Frank W. Hunger, Asst. Atty. Gen., Civ. Div., Donald E. Keener and Francesco Isgro, Office of Immigration Litigation, Civil Div., U.S. Dept. of Justice, Washington, DC, for respondent.

Before ANDERSON, SETH, and BARRETT, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Petitioner, a native and citizen of Sudan, challenges an order of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying his application for asylum or withholding of deportation.[1] The IJ held that petitioner had failed to meet his burden of showing either past political persecution or a well-founded fear of such persecution sufficient to warrant asylum and that, a fortiori, petitioner could not satisfy the stricter "clear probability of persecution" standard for withholding of deportation. *See Castaneda v. INS*, 23 F.3d 1576, 1578 (10th Cir.1994) (discussing standards applicable to asylum and withholding of deportation determinations). The IJ also

held that petitioner had been "firmly resettled" in the United Arab Emirates (UAE) prior to his arrival in the United States and, therefore, would be ineligible for asylum in any event, pursuant to 8 C.F.R. § 208.14(c)(2).

Petitioner's administrative appeal from the IJ's decision was initially dismissed as untimely. However, after petitioner moved for reconsideration, the BIA vacated its dismissal order and affirmed the decision on the merits. The BIA agreed with the IJ that the evidence of political persecution was insufficient to justify withholding of deportation (the BIA did not consider this evidence under the less onerous standard for asylum) and that asylum was precluded by petitioner's firm resettlement in the UAE. We review this second order of the BIA and affirm for the reasons stated below.

■ First, though, we must resolve a jurisdictional question arising out of the BIA's successive, divergent dispositions of petitioner's administrative appeal. Before the BIA had a chance to reconsider its initial dismissal of the appeal, petitioner sought review of its dismissal order in this court by filing the petition for review assigned No. 93–9590. After the BIA vacated the order and issued its superseding decision on the merits, petitioner filed a "Motion to Correct Pleadings" with this court, seeking to perpetuate his existing petition from the first BIA order while at the same time substituting the second order as the decision under review.

The only authority cited by petitioner in support of this novel motion is 8 U.S.C. § 1105a(a), which deals with consolidating review of final BIA orders with subsequent orders on motions to reopen or reconsider. However, as the terms of petitioner's motion (seeking substitution rather than consolidation) tellingly reflect, the real issue here is not whether the BIA's later order on the merits may be consolidated with the petition for review from its earlier order of dismissal, but the analytically prior question of the continuing viability of that initial petition for

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these petitions for review. *See*

Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

review itself. Because the petition was mooted by vacatur of the sole order it sought to challenge, *see Battle v. Anderson,* 708 F.2d 1523, 1527 (10th Cir.1983), *cert. dismissed sub nom. Meachum v. Battle,* 465 U.S. 1014, 104 S.Ct. 1019, 79 L.Ed.2d 248 (1984); *see, e.g., Primas v. City of Okla. City,* 958 F.2d 1506, 1513 (10th Cir.1992), we dismiss No. 93–9590 and deny petitioner's "Motion to Correct Pleadings." Prudently, petitioner secured his right to judicial review by filing a second, precautionary petition for review expressly from the BIA's second order, and it is that petition (No. 94–9530) we now address on the merits.

■ We must affirm the administrative denial of an application for withholding of deportation so long as that disposition is supported by substantial evidence. *See Nguyen v. INS,* 991 F.2d 621, 626 (10th Cir.1993). Thus, to rule in favor of petitioner on the factual record here, we "must find that the evidence *not only* supports a conclusion that [he] is entitled to ... withholding of deportation, but *compels* such a finding." *Bartesaghi–Lay v. INS,* 9 F.3d 819, 821 n. 1 (10th Cir.1993). Upon consideration of the arguments raised by the parties, in conjunction with the evidence recounted by the IJ and summarized by the BIA, we affirm the decision to deny withholding of deportation under the standards recited above. We also specifically affirm the underlying finding that petitioner's failure to provide documentation substantiating his allegations of political activity and consequent persecution undermined the credibility of such allegations.

■ As for the BIA's ruling on asylum, current regulations mandate the denial of such relief to any alien—whatever his refugee status—who had been firmly resettled in a third country before entering the United States. 8 C.F.R. § 208.14(c)(2). Prior to recent regulatory amendments, a finding of firm resettlement was not a mandatory bar to asylum, though it normally had that effect.

*Farbakhsh v. INS,* 20 F.3d 877, 881 & n. 2 (8th Cir.1994) (discussing change in regulations, effective October 1, 1990). Petitioner argues that this regulatory reform is improper for a number of reasons, none of which he supports with any pertinent case authority. In any event, as these objections were never raised and exhausted before the BIA, *see* R. 33–34, 47, we lack jurisdiction to consider them at this stage in the proceedings. *See Rivera–Zurita v. INS,* 946 F.2d 118, 120 n. 2 (10th Cir.1991).

■ On the merits, we uphold the BIA's finding that petitioner was firmly resettled in the UAE prior to his arrival in this country. Once the government presents some evidence indicating that asylum is unavailable on grounds of firm resettlement pursuant to § 208.14(c)(2), the petitioner bears "the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 208.14(b); *see, e.g., Chinese Am. Civic Council v. Attorney General,* 566 F.2d 321, 328 n. 18 (D.C.Cir.1977); *see also Castaneda,* 23 F.3d at 1578 (alien bears burden of establishing statutory eligibility for asylum). Here, the administrative record, including the supplementation offered by petitioner,[2] shows that petitioner lived for some twenty years in the UAE, for which he possessed a "residence" visa/permit, prior to entering the United States. This evidence was sufficient to suggest " 'permanent resident status, citizenship or some other permanent resettlement,' " *de la Llana–Castellon v. INS,* 16 F.3d 1093, 1101 (10th Cir.1994) (quoting firm resettlement test from 8 C.F.R. § 208.15), and thereby implicate § 208.14(c)(2). Thus, the onus was on petitioner to prove that his extended, officially sanctioned stay in Abu Dhabi did not constitute a firm resettlement in the UAE. *See, e.g., Chinese Am. Civic Council,* 566 F.2d at 326 (stays of sixteen to twenty years in third country required petitioners "to rebut the

---

2. Noting a significant misstatement of the evidence relating to the nationality of petitioner's passport—the only pertinent evidence indicates the passport was issued by Sudan from its embassy in Abu Dhabi, R. at 92, not by the government of Abu Dhabi itself (or the UAE), as the IJ and BIA both erroneously stated, R. at 3, 59—

petitioner has moved to correct the appellate record pursuant to Fed.R.App.P. 16(b). Specifically, petitioner seeks to supplement the record with copies of his passport, which clearly shows its issuance by the Sudanese embassy in Abu Dhabi. We grant the motion.

normal conclusion from such extended residence that [they] were firmly resettled").

■ Petitioner did not meet this evidentiary obligation. Indeed, the record discloses additional circumstances, particularly the existence of longstanding and significant family ties in the UAE, supporting the BIA's finding of firm resettlement. *See Farbakhsh,* 20 F.3d at 881 (family ties in third country evidence firm resettlement); *Chinese Am. Civic Council,* 566 F.2d at 328 n. 18 (same). Furthermore, the fact that petitioner—a student for most of the period he resided in the UAE—had not been granted official permission to work in the country does not undermine the requisite firm character of his resettlement there. *See Farbakhsh,* 20 F.3d at 882. Nor is our determination affected by the possibility that by terminating his UAE residence permit (which expired upon six months residence outside the UAE) petitioner may have jeopardized his entitlement to resume residence in that country through his extended (and illegal) stay in the United States. The pertinent regulations specifically focus on resettlement status *prior to* the alien's entry into this country; they thus preclude a deportable alien from bootstrapping an asylum claim simply by unilaterally severing his existing ties to a third country after arriving in the United States.[3]

Finally, petitioner requests an extension of his now-expired voluntary departure date. We lack jurisdiction to grant such an extension, which we therefore deny without prejudice to a request properly addressed to the INS district director. *See Castaneda,* 23 F.3d at 1580–83, *holding reaff'd on reh'g in banc,* 33 F.3d 44, 45 (10th Cir.1994).

Accordingly, with respect to the petition for review in No. 94–9530, the order of the BIA affirming the denial of petitioner's application for asylum and withholding of deportation is AFFIRMED. As noted in the text above, the petition in No. 93–9590 is DISMISSED as moot, petitioner's motion for correction of the record is GRANTED, and petitioner's request for an extension of voluntary departure is DENIED without prejudice for lack of jurisdiction.

---

**3.** The point made here should be distinguished from the situation where the alien may be subject to actual persecution for seeking asylum in the United States. *Cf.* 8 C.F.R. § 208.13(b)(2)(ii).