46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Juris BERZINS, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9529.
 United States Court of Appeals, Tenth Circuit.
 Jan. 25, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 MOORE
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, a Latvian native and citizen, seeks review of a decision of the Board of Immigration Appeals (Board) that upheld the decision of the immigration judge (IJ) denying petitioner's applications for asylum and withholding of deportation, 8 U.S.C. 1158(a) and 1253(h). If we deny the petition for review, petitioner requests that we either extend or reinstate voluntary departure granted by the Board, 8 U.S.C. 1254(e). We uphold the Board's decision on asylum and withholding of deportation, and deny petitioner's alternative request concerning voluntary departure for lack of jurisdiction.
 
 
 3
 Petitioner was admitted to this country as a visitor with authorization to stay for one year. After he stayed longer than permitted, the Immigration and Naturalization Service (INS) issued an order to show cause why he should not be deported pursuant to 8 U.S.C. 1251(a)(1)(B). Petitioner conceded deportability, but applied for asylum and withholding of deportation claiming past persecution and fear of future persecution by the Russians. Alternatively, petitioner sought voluntary departure.
 
 
 4
 Before the IJ, petitioner alleged that he and his family were persecuted by the Russian police in Latvia. He asserted that in 1962 his father was attacked by the Russians for no reason. Petitioner was required to learn the Russian language, but he did not do so and was subject to harassment. He claimed that he was detained periodically for up to a day, interrogated, and then released without charges being brought. He alleged he was verbally abused at a soviet military camp he was required to attend for a month when he was a young teenager. Fearing harassment because he is Latvian, he stated that he did not report after receiving a draft notice from the Russian army, which requires service by all males. Rather, he left Latvia because he feared service in the Russian army. He believes that Russia still controls the military, despite Latvia's independence, and therefore he fears returning to Latvia and imprisonment for failing to comply with the draft notice.
 
 
 5
 The IJ denied the applications for asylum and withholding of deportation, but granted voluntary departure. In doing so, the IJ found no basis for a claim of past persecution of petitioner, because the attack on petitioner's father occurred over thirty years ago and was random, any harassment of petitioner by the Russian controlled police did not amount to persecution, all teenagers at the military camp were subject to verbal abuse, and military conscription alone does not show past persecution. Even if petitioner experienced past persecution, the IJ determined the changes in Latvia have been so significant that petitioner could not have a reasonable fear of future persecution. Accordingly, the IJ denied petitioner's claim for asylum. Because the burden to prove withholding of deportation is higher than the burden to prove asylum, the IJ also denied withholding of deportation. The Board affirmed based upon the reasons set forth by the IJ and also granted voluntary departure.
 
 
 6
 On appeal, petitioner continues to argue that he is entitled to asylum and withholding of deportation. Additionally, he argues that this court should reinstate the Board's grant of voluntary departure.
 
 
 7
 Petitioner argues that he is eligible for asylum because he is a refugee as defined by 8 U.S.C. 1101(a)(42)(A) based on past persecution and a well-founded fear of future persecution due to his political opinion and nationality. Section 1158(a)
 
 
 8
 "establishes a two-part test for determining whether a deportable alien is statutorily eligible for asylum. Step one requires the alien to show that he or she is a refugee by proving either past persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Step two allows that once the alien has established statutory eligibility as a refugee, the Attorney General may apply his discretion in granting asylum. We apply the substantial evidence standard to a review of the Board's factual determination of whether an alien is a refugee, and an abuse of discretion standard to the Attorney General's decision of whether to grant asylum."
 
 
 9
 Castaneda v. INS, 23 F.3d 1576, 1578 (10th Cir.1994) (quoting Nguyen v. INS, 991 F.2d 621, 625 (10th Cir.1993) (citations and quotations omitted)). If the petitioner does not meet his step one burden, this court need not address the Board's discretionary refusal at step two. Id.
 
 
 10
 Petitioner's claims based on political opinion are raised for the first time on appeal. During administrative proceedings petitioner's attorney stated that "this is one of the rare cases in which the claim is based on nationality rather than political opinion or religion." R.64; see also id. at 65 (counsel states this is a nationality case and petitioner, when not represented by counsel, mistakenly characterized it as involving political opinion). Because a petitioner must exhaust administrative remedies, see 8 U.S.C. 1105a(c), a jurisdictional requirement, and may not raise an issue for the first time on judicial review, petitioner waived his right to be heard on this claim. See Ravindran v. INS, 976 F.2d 754, 761 (1st Cir.1992). Accordingly, we lack jurisdiction to consider any claim based on political opinion. See id.; see also Rivera-Zurita v. INS, 946 F.2d 118, 120 n. 2 (10th Cir.1991) (failure to raise issue on appeal to Board is failure to exhaust administrative remedies and appellate court lacks jurisdiction to hear the matter).
 
 
 11
 Upon examination of the administrative record, we conclude that there is substantial evidence supporting the finding that petitioner did not suffer past persecution by Russians based on his Latvian nationality. We agree with the IJ that the attack on petitioner's father, which occurred over thirty years ago, was an isolated incident with no later ramifications. Also, any harassment petitioner faced did not amount to persecution. A country may enforce its laws of conscription and any penalties for evasion are not persecution. Sadeghi v. INS, 40 F.3d 1139, 1142 (10th Cir.1994). Petitioner's family was not harmed or threatened because petitioner did not report for military service. See Ravindran, 976 F.2d at 759-60. Petitioner's brief confinement, without formal charges, was not enough to prove past persecution. See Kapcia v. INS, 944 F.2d 702, 708 (10th Cir.1991). Any harassment was insufficient to establish past persecution so severe that returning petitioner to his native country would be inhumane. See Baka v. INS, 963 F.2d 1376, 1379 (10th Cir.1992). Thus, we conclude that petitioner did not suffer past persecution.
 
 
 12
 Because we conclude petitioner did not suffer past persecution, he must establish a well-founded fear of future persecution for eligibility for asylum. The well-founded fear of future persecution standard contains a subjective fear component and an objective well-founded component. Sadeghi, 40 F.3d 1142. The record does not show that petitioner proved through "credible, direct, and specific evidence" a well-founded fear of future persecution. Id. Therefore, we need not examine the subjective fear component. Kapcia, 944 F.2d at 708.
 
 
 13
 The denial of asylum also determines the application for withholding of deportation. For withholding of deportation, petitioner must establish a clear probability of persecution, a standard much higher than the standard for proving eligibility for asylum. See Castaneda, 23 F.3d at 1578. Because petitioner did not meet his burden of showing eligibility for asylum, he also does not meet the tougher standard required for withholding of deportation.
 
 
 14
 Because we uphold the decision of the Board, petitioner requests that we extend or reinstate his voluntary departure. This court recently held that it lacks jurisdiction to consider such a request. Id. at 1580; see also Castaneda v. INS, 33 F.3d 44, 45 (10th Cir.1994)(denying petition for rehearing and suggestion for rehearing in banc). Authority to reinstate or extend the time to voluntarily depart, initially granted by the IJ or Board, is within the sole jurisdiction of the district director. 8 C.F.R. 244.2.
 
 
 15
 The decision of the Board of Immigration Appeals is AFFIRMED. Petitioner's request for a voluntary departure date is DENIED without prejudice to a proper request made to the district director.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470