14-2406-ag
Yun v. Lynch

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand sixteen.

PRESENT: JON O. NEWMAN,
         DENNIS JACOBS,
         GERARD E. LYNCH,
                        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

GWANGSU YUN,
         <u>Petitioner</u>,

         -v.-                                    14-2406-ag
                                                 NAC

LORETTA E. LYNCH, United States
Attorney General,[*]
         <u>Respondent</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:              Jay Ho Lee, Jay Ho Lee Law
                             Offices LLC, New York, New York.

---

[*]      Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

1

**FOR RESPONDENT:**                          Benjamin C. Mizer, Daniel E.
                                            Goldman, and Nicole N. Murley,
                                            Office of Immigration
                                            Litigation, U.S. Department of
                                            Justice, Washington, D.C.

Petition for review of a decision of the Board of Immigration Appeals ("BIA").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **GRANTED**, the BIA decision is **VACATED**, and this matter is **REMANDED** for further proceedings consistent with this summary order.

Petitioner Gwangsu Yun, a native of the Democratic People's Republic of Korea ("North Korea") and citizen of the Republic of Korea ("South Korea"), seeks review of a June 9, 2014 decision of the BIA affirming a November 14, 2012 decision of an Immigration Judge ("IJ") denying Yun's application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history in this case.

The issue is whether substantial evidence supports the BIA's determination that Yun firmly resettled in South Korea following his escape from North Korea (and before his arrival in the United States). See Sall v. Gonzales, 437 F.3d 229, 232 (2d Cir. 2006). "When the BIA briefly affirms the decision of an IJ and adopts the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." Wangchuck v. Dep't of Homeland Sec., 448 F.3d 524, 528 (2d Cir. 2006) (internal quotation marks and brackets omitted).

An alien who "was firmly resettled in another country prior to arriving in the United States" is ineligible for asylum. 8 U.S.C. § 1158(b)(2)(A)(vi). "The government bears the initial burden of establishing a prima facie case of firm resettlement by a totality of the circumstances." Tchitchui v. Holder, 657 F.3d 132, 135 (2d Cir. 2011). "Once the government has established a prima facie case, the burden shifts to the applicant to show that he or she qualifies for one of the two enumerated exceptions." Id. Here, the government established a prima facie case of firm resettlement because Yun was in South Korea for two years, during which time he was offered (and accepted) South Korean

2

citizenship.  See 8 C.F.R. § 208.15.  The North Korean Human Rights Act of 2004 does not decide the issue to the contrary.[1]

Yun argues that he nevertheless qualifies for one of the exceptions to the prima facie rule because (1) his entry into South Korea "was a necessary consequence of his . . . flight from persecution," (2) he "remained in that country only as long as was necessary to arrange onward travel," and (3) he "did not establish significant ties in that country." 8 C.F.R. § 208.15(a); see also Jin Yi Liao v. Holder, 558 F.3d 152, 158 (2d Cir. 2009); Tchitchui, 657 F.3d at 137.

The BIA (and IJ) rejected this argument on the grounds that Yun (1) stayed in South Korea for two years and (2) held a South Korean passport (and therefore could travel freely).  We conclude that the BIA failed to adequately explain its determination that Yun had not satisfied the 8 C.F.R. § 208.15(a) exception, and therefore remand.

**1.**  The length of Yun's stay in South Korea cannot defeat his claim under 8 U.S.C. § 208.15(a) unless there is substantial evidence that two years was longer than "necessary to arrange onward travel."  Cf. Sall, 437 F.3d at 235 ("[T]he mere passage of four years, standing alone, does not constitute firm resettlement.").  Neither the BIA nor the IJ explained why the two-year stay was longer than necessary or addressed Yun's contention that he spent the entire period trying to obtain passage to the United States. Yun asserted that the length of his stay was attributable to his time at a South Korean reeducation camp, as well as the process of obtaining a South Korean passport and U.S. visa. The BIA and IJ decisions lack any citation to the administrative record that would support or undermine Yun's contention.

**2.**  The BIA also does not state a policy or specify evidence to establish why Yun's possession of a South Korean

---

[1]    That statute clarifies that "North Koreans are not barred from eligibility for refugee status or asylum in the United States on account of any legal *right* to citizenship they may enjoy under the Constitution of the Republic of Korea," but does not "apply to former North Korean nationals who have *availed* themselves of those rights."  22 U.S.C. § 7842(a) (emphases added).

passport would categorically defeat his claim. Presumably, a South Korean passport is "necessary to arrange onward travel" from South Korea to the United States. 8 C.F.R. § 208.15. It is unclear whether, in the view of the BIA, a North Korean national's acquisition of South Korean citizenship is a per se indicator of "substantial ties" to South Korea under 8 C.F.R. § 208.15(a).

There is some record evidence that Yun was employed while in South Korea, although the BIA and IJ decisions do not elaborate on the nature of that employment. Employment is one of the circumstances that bear on whether an alien has established significant ties in a country; but not all employment shows such ties. Compare Sall, 437 F.3d at 231 (petitioner performed "odd jobs"), with Tchitchui, 657 F.3d at 134 (petitioner owned and sold two businesses). On remand, the BIA (or IJ) may wish to consider how Yun's employment bears on the "significant ties" analysis and, if necessary, make findings or supplement the record as to the nature of that employment.

Since we conclude that the BIA and IJ decisions are inadequately reasoned, we remand to the BIA for further explanation. See Poradisova v. Gonzales, 420 F.3d 70, 77 (2d Cir. 2005). On remand, the BIA may wish to: (1) express a view or policy that decides this case; (2) explain its reasoning based on the existing administrative record; or (3) remand the case to the IJ for additional factfinding or supplementation of the record.

For the foregoing reasons, we hereby **GRANT** the petition for review, **VACATE** the BIA decision, and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4