**Felipe Gustavo RIVERA–ZURITA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 91–9503.

United States Court of Appeals, Tenth Circuit.

Oct. 4, 1991.

Felipe Gustavo Rivera-Zurita, pro se.

Stuart M. Gerson, Asst. Atty. Gen., David J. Kline, Asst. Director, and David M. McConnell, Atty., Office of Immigration Litigation, Civil Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Petitioner Felipe Gustavo Rivera–Zurita, a citizen of Mexico, entered the United States in July, 1981. In early 1990, the Immigration and Naturalization Service ("INS") charged petitioner with deportability pursuant to the Immigration and Nationality Act ("Act"), for: 1) "being excludable as an alien who had been convicted of a crime involving moral turpitudes;" 2) "being excludable as an alien who was previously deported and reentered without per-

mission;" and 3) "entry without inspection." R.Vol. I at 35.[1]

On June 28, 1990, petitioner's deportation hearing was held before an immigration judge ("IJ"). The petitioner appeared *pro se* and was aided by an interpreter.

At the hearing the petitioner conceded deportability as charged but argued that he would face personal hardship if deported. The IJ denied his applications for the discretionary relief of suspension of deportation and voluntary departure under section 244 of the Act, 8 U.S.C. § 1254. The IJ found that because petitioner had recently served more than 180 days in prison, he was precluded from establishing good moral character and consequently was statutorily ineligible for the relief he sought. R.Vol. I at 36. The petitioner appealed that decision to the Board of Immigration Appeals ("Board") claiming that there was no evidence in the record to demonstrate that he was incarcerated for 180 days or longer. The Board affirmed the IJ, and dismissed the appeal.

■■■■ Petitioner appeals the Board's ruling, claiming that the Board erred by admitting "questionable testimony" about his "time served in custody." Petitioner's Brief at 2. He claims that the certified records that he introduced before the IJ exhibited that he served only 162 days in an Idaho prison facility and, therefore, the IJ and the Board should be required to investigate further. *Id.* Petitioner also claims that the Board abused its discretion by not considering the personal hardship to him that would result from deportation. This argument, however, was not made in his appeal before the Board. Consequently, we may not review the personal hardship claim.[2] With respect to the issue that

is before us, we find that petitioner's arguments are without merit and affirm the Board's order.

■■■■ Pursuant to 8 U.S.C. §§ 1254(a)(1) and 1254(e), an alien who applies for suspension of deportation has the burden of proving both statutory eligibility for relief and the equities for a favorable exercise of discretion. *Hernandez–Patino v. I.N.S.,* 831 F.2d 750, 752 (7th Cir.1987). Likewise, an alien who applies for voluntary departure bears the burden of proving statutory eligibility for this form of relief and demonstrating that it is warranted. *Villanueva–Franco v. I.N.S.,* 802 F.2d 327, 329 (9th Cir.1986).

■■■ The Board's factual finding that an alien is not statutorily eligible for either of these two forms of relief is reviewed for substantial evidence. *See, e.g., Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 620, 86 S.Ct. 1018, 1026–27, 16 L.Ed.2d 131 (1966); *Colorado Dept. of Labor and Employment v. U.S. Dept. of Labor,* 875 F.2d 791, 794 (10th Cir.1989); *Curtis, Inc. v. I.C.C.,* 662 F.2d 680, 685 (10th Cir.1981); *McMullen v. I.N.S.,* 658 F.2d 1312, 1316 (9th Cir.1981). Because both suspension of deportation and voluntary departure are discretionary forms of relief, normally the next step is to review the Board's denial of either for abuse of discretion. We agree with the INS, however, that because the petitioner failed to meet the threshold burden of demonstrating statutory eligibility, neither the IJ nor the Board exercised discretion to determine whether the petitioner merited either form of relief. We, therefore, review only the factual finding about statutory eligibility. Specifically, we examine whether substantial evidence supports

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. Leave to proceed informa pauperis is granted.

2. To the Board, Petitioner appealed only the issue of statutory ineligibility as a result of his prison time. Therefore, that is the only issue before us today. The failure to raise an issue

on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter. *See Romero–Carmona v. U.S. Dept. of Justice, I.N.S.,* 725 F.2d 104, 105–06 (10th Cir.1984); *Vargus v. U.S. I.N.S.,* 831 F.2d 906, 907–08 (9th Cir.1987). Judicial review does not extend to points the alien could have made before the Board but did not. *Martinez–Zelaya v. I.N.S.,* 841 F.2d 294, 296 (9th Cir.1988).

the Board's finding that petitioner was precluded from the relief that he sought because he could not demonstrate "good moral character."

■ The Act mandates that an alien who seeks either suspension of deportation or voluntary departure must show as a threshold matter that he has been of "good moral character" for a specified period. For suspension of deportation, the alien must show that he "has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and [must] prove[] that during all of such period he was and is a person of good moral character." 8 U.S.C. § 1254(a). For voluntary departure, the alien must show that he can depart at his own expense and that he has been "a person of good moral character for at least five years immediately preceding his application for voluntary departure...." 8 U.S.C. § 1254(e). In either case:

> No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—
> ... one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more, regardless of whether the offense, or offenses, for which he has been confined were committed within or without such period.

8 U.S.C. § 1101(f)(7).

■ After reviewing the record, we find substantial evidence that petitioner was incarcerated for longer than 180 days during the statutory periods for both forms of relief. The petitioner argues that the State of Idaho Amended Judgment and Commitment Order that he submitted as evidence proves that he served only 162 days in confinement. Petitioner's Brief at 2. It is not clear why the petitioner draws this conclusion. The document demonstrates only that petitioner's probation was revoked on June 23, 1989 and that he was ordered to be returned to the custody of the Idaho State Board of Corrections:

> for a minimum period of confinement of one (1) year and a subsequent indeterminate period of confinement not to exceed two (2) years, for a total aggregate term of three (3) years, with the Court's retained jurisdiction for a period of 120 days....

R.Vol. I at 120. The other documents admitted support the conclusion that petitioner served at least 180 days. On December 22, 1989, an Idaho state district court ordered that petitioner's probation be reinstated. R.Vol. I at 96. The interval of incarceration, therefore, was 182 days. The record indicates that he was released from the penitentiary on December 8th to the custody of the Sheriff of Caldwell, Canyon County, Idaho, until December 22nd. Such custody counts as confinement.[3] It is unclear whether he remained in the Sheriff's custody from December 22 to December 28. R.Vol. I at 98, 100. That discrepancy is not important, however, because either date is more than 180 days after petitioner was confined in June. In any event, petitioner's 30-day confinement on another occasion removes any doubt as to the 180-day period.[4] The statute plainly states that the incarceration period may be measured as an aggregate sum of prison time within the statutory period. *See* 8 U.S.C. § 1101(f)(7).[5] Petitioner also com-

---

**3.** The December 8th state district court order released the petitioner to the custody of the sheriff until further proceedings on December 22nd. On December 22nd, the state district court issued its order reinstating petitioner's probation effective that date. R.Vol. I at 96–97. Consequently, we agree with the Board majority that the evidence supports a December 22nd or 28th release from confinement.

**4.** Petitioner was convicted of grand theft on July 11, 1988. He was ordered to spend 30 days in jail. R.Vol. I at 102–04.

**5.** One Board member decided that because the state district court's first order reinstating probation was signed on December 8, 1989, R.Vol. I at 99–100, petitioner had been released on that date. R.Vol. I at 4. The Board member concurred in the majority's order, however, because the petitioner had earlier served 30 days in jail for grand theft. By aggregating the two periods

plains that because he was confused during his hearing before the IJ, the Board should not have credited his testimony that he had been confined for longer than 180 days. Petitioner's Brief at 1. In light of the substantial evidence that he did serve more than 180 days, we find this argument meritless.

Finally, contrary to petitioner's argument, the Board is not required to investigate further. Both the IJ and the Board reasonably inquired about this statutory requirement. The record supports the findings. Petitioner failed to meet his burden to prove that he was not incarcerated for more than 180 days.[6] Therefore, because substantial evidence supports the Board's conclusion that there is no evidence in the record to support petitioner's contention that he was incarcerated for less than 180 days, the decision of the Board of Immigration Appeals is

AFFIRMED.

---

of confinement, he concluded that petitioner had in fact served more than 180 days.

**6.** The Board stated: "If there is proof that his release date was prior to his having served for six months, it is incumbent upon the respondent to provide the information. *See, e.g., Matter of Anderson,* 16 I & N Dec. 596, 597 (BIA 1978)." R.Vol. I at 3.