977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Iris NATHAN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-9565.
 United States Court of Appeals, Tenth Circuit.
 Sept. 29, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 KELLY, Circuit Judge.
 
 
 1
 Petitioner Iris Nathan has filed a petition for review of a decision of the Board of Immigration Appeals (BIA) denying her applications for asylum, withholding of deportation, and suspension of deportation.[1] Upon review of the record and the parties' briefs, we affirm.
 
 
 2
 Nathan, a native and citizen of Israel, entered this country on a visitor's visa. Having overstayed her authorized visit in violation of 8 U.S.C. § 1251(a)(2), deportation proceedings were commenced. Nathan conceded deportability, but requested asylum. She stated she had a well-founded fear of persecution if returned to Israel because she refused to serve in the Israeli military and because she had an Iranian boyfriend whom she has since married.
 
 
 3
 To establish eligibility for asylum, Nathan had to provide substantial evidence of her refugee status by proving either past "persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1101(a)(42). Persecution has been defined "as the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive." Zalega v. INS, 916 F.2d 1257, 1260 (7th Cir.1990).
 
 
 4
 The BIA's determination "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). We can reverse that determination only if the evidence was such that a reasonable factfinder would have to conclude the requisite fear of persecution existed. Id. (citing NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292 (1939)) and n. 1.
 
 
 5
 Nathan's well-founded fear of persecution is predicated on her refusal to serve in the Israeli military. By law, Israeli citizens are conscripted upon reaching the age of eighteen. Those who refuse may be jailed. However, a uniformly applied punishment does not amount to persecution. See Alonzo v. INS, 915 F.2d 546, 548 (9th Cir.1990) (government's conscription efforts do not constitute persecution on account of political or religious beliefs except in rare cases where disproportionately severe punishment would result). Nathan's contention that her refusal to serve is based upon moral, political, and philosophical grounds reflecting her opposition to Israel's political activities is not relevant here because she has failed to show persecution.
 
 
 6
 The record shows that Nathan lived in Israel for four years after turning eighteen without suffering any reprisals for her refusal to serve. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991) (BIA may consider as significant alien's continued safe and undisturbed residence in homeland after event alleged to induce fear). Now that Nathan has married her Iranian boyfriend, she is no longer subject to conscription. Agency R. at 96 (only unmarried females are subject to conscription). The record contains substantial evidence supporting the BIA's determination.
 
 
 7
 Nathan argues that the BIA erred in denying her application for suspension of deportation. We review the BIA's factual finding that she was not eligible for suspension of deportation for substantial evidence, and its denial of relief for abuse of discretion. Rivera-Zurita v. INS, 946 F.2d 118, 120 (10th Cir.1991).
 
 
 8
 The record provides substantial evidence supporting the BIA's determination that Nathan did not show extreme hardship by either her refusal to serve in the Israeli military or her relationship with an Iranian. The BIA did not abuse its discretion in denying suspension of deportation.
 
 
 9
 Nathan appears to argue that she and her husband will face problems if returned to Israel. Testimony presented to the Immigration Judge indicated that Nathan would face problems from society in general, but not from the government aside from general displeasure that she had married an Iranian. Societal pressures do not amount to persecution for purposes of the Immigration Act. See Elnager v. INS, 930 F.2d 784, 788 (9th Cir.1991) (feared persecution must come from either government or group government is unable to control).
 
 
 10
 The judgment of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 For an explanation of the methods by which an otherwise deportable alien may seek relief from an order of deportation, see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987), and INS v. Jong Ha Wang, 450 U.S. 139, 140 (1981)