996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ascencion CONTRERAS-BUSTAMANTE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9540.
 United States Court of Appeals, Tenth Circuit.
 June 22, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Ascension Contreras-Bustamante appeals the decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ) denial of his application for suspension of deportation pursuant to section 244(a)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254(a)(1). The IJ found that although Mr. Contreras-Bustamante established seven year residency and a good moral character, he failed to establish that deportation would result in an extreme hardship which would permit suspending his deportation. The issue on appeal concerns the IJ's determination of no extreme hardship. We affirm the BIA.
 
 
 3
 Mr. Contreras-Bustamante, a Mexican citizen, first entered the United States in 1974. He became a lawful permanent resident after he married a United States citizen. That status was rescinded in 1980, when he was deported after a state court conviction for criminal menacing. He returned illegally to the United States shortly thereafter. He has resided here ever since, interrupted only by brief visits to Mexico. He has one daughter, Lena, who has been residing with him and his sister.
 
 
 4
 In April 1990, Mr. Contreras-Bustamante was issued an Order to Show Cause charging that he was deportable on the basis of his illegal entry. He conceded his deportability and filed for a suspension of deportation. In order to be eligible for such a suspension, Mr. Contreras-Bustamante was required to establish that he had been physically present in the United States for a continuous period of not less than seven years; that he was and is a person of good moral character; and that deportation would result in an extreme hardship to himself, his spouse, or his daughter. 8 U.S.C. § 1254(a)(1). The Immigration Judge found that Mr. Contreras-Bustamante met the first two requirements, but that he did not establish extreme hardship. Rec., vol. I, at 41 (Oral Decision of the Immigration Judge). The BIA affirmed.
 
 
 5
 Mr. Contreras-Bustamante claims that the Immigration Judge erred as a matter of law in not finding an extreme hardship. He urges that we review the BIA's affirmance of the Immigration Judge's decision de novo. However, we articulated the correct standard of review in Rivera-Zurita v. I.N.S., 946 F.2d 118, 120 (10th Cir.1991): "The Board's factual finding that an alien is not statutorily eligible for [suspension of deportation] is reviewed for substantial evidence."[1] Thus, we must examine whether substantial evidence supports the Board's finding that neither Mr. Contreras-Bustamante nor his daughter would suffer an extreme hardship in the event of his deportation.[2] Because suspension of deportation is a discretionary form of relief, "the next step is to review the Board's denial of [suspension of deportation] for abuse of discretion." Id. at 120.
 
 
 6
 The IJ relied on the factors set forth in Matter of Anderson, 16 I. & N. Dec. 596 (BIA1978), in determining whether an extreme hardship would be suffered if Mr. Contreras-Bustamante was deported. Rec., vol. I, at 38-41. After reviewing the IJ's decision, we are convinced that there is substantial evidence to support his finding that neither Mr. Contreras-Bustamante nor his daughter will suffer an extreme hardship if he is deported. Therefore, there is no abuse of discretion in the refusal to suspend deportation. Accordingly, we AFFIRM the BIA's decision upholding the IJ's order denying suspension of deportation. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Contreras-Bustamante urges us to "revisit" the standard of review we set out in Rivera-Zurita. However, one panel of this circuit cannot overrule another panel. United States v. Spedalieri, 910 F.2d 707, 710 n. 3 (10th Cir.1990)
 
 
 [2]
 The Immigration Judge found "little evidence if any" supporting the proposition that Mr. Contreras-Bustamante's spouse would suffer an extreme hardship given their long separation. Rec., vol. I, at 41