**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOSE ROBERTO RAMIREZ,

      Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

      Respondent.

No. 96-9542
(Petition for Review)
(No. A73 711 538)

---

ORDER AND JUDGMENT*

---

Before KELLY and HENRY, Circuit Judges, and DOWNES,** District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Petitioner seeks review of a final order of the INS denying his application for asylum or withholding of deportation.[1]  The Board of Immigration Appeals (BIA) concluded he had not shown the requisite "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A) (defining "refugee" status), and denied relief accordingly, see Castaneda v. INS, 23 F.3d 1576, 1578 (10th Cir. 1994) (failure to satisfy definition of refugee precludes asylum and, a fortiori, withholding of deportation).  Specifically, the BIA upheld the decision of the Immigration Judge (IJ), who had found petitioner's evidence insufficient to establish either past/feared persecution or a political basis for the persecution alleged.

Petitioner is a native Guatemalan who entered the United States without inspection in October 1994.  He promptly applied for political asylum, claiming

---

[1]    The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, alters the availability, scope, and nature of judicial review in INS cases.  However, because petitioner's deportation proceedings commenced before April 1, 1997, and the final decision of the INS issued before October 31, 1996, neither IIRIRA's permanent "new rules," nor its interim "transitional rules," apply to this case.  See id. §§ 306(c)(1), 309(a), (c)(1) & (4), as amended Pub. L. No. 104-302, § 2, 110 Stat. 3657, set out in notes to 8 U.S.C. §§ 1101, 1252.  In contrast, provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, may apply to INS cases commenced, like this one, before AEDPA's enactment on April 24, 1996, see Fernandez v. INS, 113 F.3d 1151 (10th Cir. 1997), though none of these appear pertinent to this petition for review, which does not involve deportation for criminal activity addressed by AEDPA.

his departure from Guatemala was prompted by death threats from two guerrilla groups, which had canvassed his community with intimidating flyers, letters, and door-to-door demands, seeking material assistance and young male recruits. The extent to which threats were directed personally toward petitioner is somewhat unclear in light of certain discrepancies and ambiguities in the record. Although not a member of any opposing political or military group, petitioner eventually deemed it necessary to flee the country to avoid the guerrilla groups' coercive solicitations.

As we agree with the IJ that petitioner failed to show he was threatened because of his political opinions, we need not resolve the matter of persecution per se. Indeed, there is some question whether petitioner even preserved the fully dispositive political-nexus issue by challenging this alternative rationale for the IJ's decision in his appeal to the BIA. See Rivera-Zurita v. INS, 946 F.2d 118, 120 n.2 (10th Cir. 1991). The record has only petitioner's administrative notice of appeal, and the relevant objections raised in this brief document, that the IJ "abused his discretion in denying asylum," "did not fully consider death threats and past persecution of [petitioner] by rebel armed forces," and "placed too much emphasis on minor inconsistencies in testimony," AR at 17, do not appear to engage the issue.

In any event, the Supreme Court has made it clear that harassment by guerrilla forces seeking to coerce enlistment does not establish persecution for political opinion.  See INS v. Elias-Zacarias, 502 U.S. 478, 481-84 (1992).  Petitioner contends that his refusal to join the guerrillas nevertheless reflected a political act--the deliberate decision to remain neutral--thereby politicizing any adverse consequences imposed by the guerrillas.  A similar argument was specifically addressed and rejected in Elias-Zacarias:

> [Petitioner] appears to argue that not taking sides with any political faction is itself the affirmative expression of a political opinion.  That seems to us not ordinarily so, . . . [as such a view would fail to] distinguish [political opinion] from such quite different concepts as indifference, indecisiveness, and risk averseness.  But we need not decide whether the evidence compels the conclusion that [petitioner] held a political opinion.  Even if it does, [petitioner] still has to establish that . . . the guerrillas will persecute him *because of* that political opinion, rather than because of his refusal to fight with them.

502 U.S. at 483.  Even if we assume petitioner's neutral stance was indeed ideological, he has not shown that the rebels persecuted or would persecute him *for this stance* rather than simply for his refusal to join them, particularly as his own testimony indicates he never voiced any political opposition expressly to the guerrillas.  Compare Sotelo-Aquije v. Slattery, 17 F.3d 33, 36-37 (2d Cir. 1994) (finding political persecution because guerrilla organization threatened petitioner on account of his active, public opposition), with Bartesaghi-Lay v. INS, 9 F.3d 819, 822 (10th Cir. 1993) (holding government sympathizer did not establish

political persecution by rebel group because threat "was prompted by the fact that he declined to become involved . . ., and not because of his political opinions").

"To reverse the BIA finding [that petitioner is not a refugee] we must find that the evidence not only *supports* [the contrary] conclusion, but *compels* it." Elias-Zacarias, 502 U.S. at 481 n.1. For the reasons discussed above, reversal is clearly inappropriate here.

The petition for review is DENIED.

Entered for the Court


William F. Downes
District Judge