**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEMILA EBRAHIM HABIB,

Petitioner,

v.

JOHN ASHCROFT, Attorney General
of the United States,

Respondent.

No. 03-9525
(BIA No. A79-512-896)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Jemila E. Habib seeks review of a Board of Immigration Appeals (BIA) order that summarily affirmed the denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture, and implicitly denied her motion to remand to the Immigration Judge (IJ) for consideration of new evidence. She raises several issues, many relating in one way or another to the BIA's use of the streamlined review procedure set out in 8 C.F.R. § 1003.1(a)(7), to which she strongly objects. [1] For reasons explained below, we reject these contentions and deny the petition for review.

Petitioner is a citizen of Ethiopia. She entered the United States without inspection in August 2001 and two months later filed an application for asylum and withholding of removal on the basis of political persecution. She alleged she is a member of the All-Amharic People's Organization (AAPO), a political group in which her father held a prominent position. She claimed that in April 2001 she participated in student demonstrations at Addis Ababa University, after which she was arrested and detained for twenty days under abusive conditions. Upon her release, she left the country and illegally entered the United States.

---

[1] As a general matter, to the extent petitioner challenges the summary procedure as improper per se, her objection is foreclosed by *Yuk v. Ashcroft*, 355 F.3d 1222, 1232 (10th Cir. 2004). To the extent she argues that various errors by the IJ just precluded its application here, "we are able to review the BIA member's decision to decide this case under [the streamlined procedure]," but "[a]s our review of the merits of petitioner's case will reveal, we find no error in that decision." *Batalova v. Ashcroft*, 355 F.3d 1246, 1253 (10th Cir. 2004).

The IJ questioned petitioner about matters she would be expected to know given her factual allegations. But she was unable to provide, for example, names of prominent figures in the AAPO and information about the April 2001 student demonstrations. Citing this problem with her testimony, as well as her lack of documentation reflecting her membership in the AAPO and attendance at Addis Ababa University, the IJ concluded that petitioner had failed to demonstrate the political persecution alleged in support of her requests for relief.

Petitioner appealed to the BIA. In addition to an untimely brief, which the BIA rejected, she filed a motion to remand to the IJ for consideration of two new documents she had obtained: a photocopy of what appears to be her Addis Ababa University identification and an unsworn letter from a North American AAPO representative confirming her membership. The BIA summarily affirmed the IJ's decision without mentioning the remand motion or the attached evidence.

Petitioner claims the BIA erred in affirming the IJ without considering the new evidence. The BIA "operates as an appellate body and its practice therefore is not to accept a tender of evidence . . . but instead, if it thinks the new evidence might change the outcome, to remand the case to the [IJ]." *Reyes-Hernandez v. INS*, 89 F.3d 490, 494 (7 th Cir. 1996) (citations omitted). A remand will not be granted, however, unless the evidence "'was not available and could not have been discovered or presented at the former hearing.'" *Dulane v. INS*, 46 F.3d

-3-

988, 994 (10 th Cir. 1995) (quoting 8 C.F.R. § 3.2, now 8 C.F.R. § 1003.2)). It appears petitioner's new evidence was obtainable from the outset. In any event, she did not argue otherwise to the BIA. We will not disturb agency action on grounds inadequately developed in administrative proceedings. *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10 th Cir. 1991) ("Judicial review does not extend to points the alien could have made before the [BIA] but did not.").

Petitioner also contends the BIA denied her due process by failing to accept her new evidence. "[I]ndividuals subject to deportation are entitled to procedural due process, which provides an opportunity to be heard at a meaningful time and in a meaningful manner." *Woldemeskel v. INS*, 257 F.3d 1185, 1192-93 (10 th Cir. 2001) (quotation omitted). Accordingly, the BIA may not categorically deny all opportunity to supplement the evidentiary record. *Ramirez-Alejandre v. Ashcroft*, 320 F.3d 858, 873 ( 9th Cir. 2003). "Of course, the BIA is not obligated to accept all materials tendered by a party after an immigration hearing. Agencies are afforded wide latitude in the formulation of administrative procedure. The BIA may place appropriate restrictions . . . and set standards for relevancy and admissibility." *Id.* at 872-73. The regulation discussed above sets a reasonable standard for admission of new evidence. Again, in the absence of a properly developed and preserved argument addressed to this standard, petitioner is not entitled to relief here.

Finally, petitioner challenges the IJ's decision on the merits. In particular, she takes issue with the IJ's emphasis on her lack of supporting documentation and her ignorance of key figures in relevant political activities. Petitioner is in no position to complain about the IJ's expectations regarding documentation that was, in fact, obtainable and should have been offered in support of her claims. And a review of the hearing transcript undercuts her excuse that she could not identify the political figures because of mispronunciation/mistranslation of their names–she was not simply confronted with unfamiliar names, she was unable to *supply* names she could be expected to know. We cannot say the IJ's decision "was contrary to what a reasonable factfinder would have been compelled to conclude," and, hence, we must affirm. *Vatulev v. Ashcroft*, 354 F.3d 1207, 1211 (10th Cir. 2003).

The petition for review is DENIED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-5-