**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANDRES PEDRO-SIMON,

        Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

        Respondent.

No. 06-9569
(No. A97-821-270)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge and **McCONNELL**, Circuit Judge.

Andres Pedro-Simon appeals an immigration judge ("IJ") removal order based on his unlawful presence in the United States. We **DISMISS** this appeal for lack of jurisdiction.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pedro-Simon, a citizen of Guatemala, illegally entered the United States in 1993. On February 19, 2004, the Department of Homeland Security ("DHS") served Pedro-Simon with a notice to appear, which alleged that Pedro-Simon illegally entered the United States on December 1, 2001 and was thus removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). In a hearing before the IJ, Pedro-Simon conceded that he was removable based upon his unlawful entry, but requested cancellation of removal under 8 U.S.C. § 1229b(b)(1). Section 1229b(b)(1) provides that the Attorney General may adjust the status of an alien otherwise deportable from the United States if the alien

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

Finding that Pedro-Simon failed to demonstrate ten years of continued, physical presence in the United States as required by § 1229b(b)(1)(A), the IJ denied his request and ordered him removed.

Pedro-Simon appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). In his notice of appeal, Pedro-Simon did not present any argument regarding why he believed the IJ's decision was in error. Instead, he

indicated his intent to subsequently file a brief with the BIA in support of his claims. He was warned that failure to file the promised brief within the time allotted by the BIA's briefing schedule – which gave Pedro-Simon until March 1, 2006 to file his brief – could result in summary dismissal of the appeal. Pedro-Simon failed to file a timely brief with the BIA. On March 23, 2006, he filed a motion with the BIA to reset the briefing schedule, or alternatively, to accept his late filed brief. This motion was denied by the BIA. Because Pedro-Simon failed to present any legal argument to the BIA, on June 27, 2006, the BIA summarily affirmed the IJ's removal order without opinion.

In his petition for review before this court, Pedro-Simon raises two arguments. First, he contends that the BIA's summary denial of his appeal was improper, and thus the BIA should have remanded his case to the IJ for further proceedings. Second, he contends that the IJ improperly found that his removal would not constitute an undue hardship to his family legally present in the United States.

The government contends that we lack jurisdiction because Pedro-Simon failed to exhaust his administrative remedies before the BIA. "If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." U.S. ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999). This court has jurisdiction to review Pedro-Simon's removal order only if he has "exhausted all administrative

remedies available [to him] as of right." 8 U.S.C. § 1252(d)(1). "The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter." Rivera-Zurita v. INS, 946 F.2d 118, 120 n.2 (10th Cir. 1991). "[U]ntimely filings with administrative agencies do not constitute exhaustion of administrative remedies." Galvez Pineda v. Gonzales, 427 F.3d 833, 838 (10th Cir. 2005). Moreover, after the Board summarily denied his appeal, Pedro-Simon had 30 days in which to file a motion to reconsider with the BIA. 8 U.S.C. § 1229a(c)(6)(B). Pedro-Simon never filed a motion to reconsider, instead proceeding to file a petition in this court.

Accordingly, because Pedro-Simon failed to exhaust his administrative remedies before the BIA, we lack jurisdiction over his petition for review and **DISMISS**.

Entered for the Court


Carlos F. Lucero
Circuit Judge
