FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 25, 2025**

**Christopher M. Wolpert
Clerk of Court**

_____

GEMA ELIZETH HERNANDEZ,

    Petitioner,

v.

PAMELA J. BONDI,[*] United States
Attorney General,

    Respondent.

No. 24-9553
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Gema Elizeth Hernandez, a native and citizen of Mexico, petitions to

challenge the decision of the Board of Immigration Appeals (BIA) that she is

inadmissible and therefore ineligible for adjustment of status because she has been

_____

[*] On February 5, 2025, Pamela J. Bondi became Attorney General of the United States. Consequently, her name has been substituted for James R. McHenry III as Respondent, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convicted of a disqualifying crime. Hernandez contends that she was not convicted of that crime. We disagree. Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

Hernandez entered the United States in 1986 as a nonimmigrant visitor. In May 1997 she was arrested and charged by New Mexico authorities with a controlled-substance or narcotics-related offense. Three days later the State filed a nolle prosequi, but without prejudice to refiling. The charge was refiled in October 1997, and in July 1998 she pleaded guilty to possession of cocaine. In April 1999 the state court issued an Amended Order of Conditional Discharge, which noted that she had entered a guilty plea and ordered that "without adjudication of guilt, further proceedings be deferred . . . and the Defendant be placed on supervised probation for twelve months." C.A.R., Vol. I at 203. Her probation successfully ended in July 1999.

In January 2011 the Department of Homeland Security (DHS) initiated removal proceedings against Hernandez, charging her with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) because she was present in the United States without being admitted or paroled. Hernandez conceded that she was removable, but sought an adjustment of status under 8 U.S.C. § 1255(i). An alien who is physically present in the United States is eligible for an adjustment only if she is "admissible to the United States for permanent residence." 8 U.S.C. § 1255(i)(2)(A). The immigration judge (IJ) ruled that Hernandez was not eligible for an adjustment because she was not admissible. Her guilty plea to possession of a controlled substance, coupled with

2

the restraints on her liberty imposed by the Amended Order of Conditional Discharge, rendered her inadmissible under federal immigration law. *See* 8 U.S.C. § 1182(a)(2)(A)(i). The IJ therefore denied her application for adjustment of status.

Hernandez appealed to the BIA, which affirmed the IJ's decision in August 2024. The BIA also denied her motion to remand to the IJ so that she could introduce evidence that, while the appeal was pending, a state court had entered a stipulated order stating that she had met all obligations under the 1999 orders and dismissing the charges without entering an adjudication of guilt. Hernandez was permitted to voluntarily depart the United States.

We review de novo any legal rulings by the BIA. *See Igiebor v. Barr*, 981 F.3d 1123, 1131 (10th Cir. 2020). Factual findings are reviewed for substantial evidence "and should not be reversed unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Htun v. Lynch*, 818 F.3d 1111, 1119 (10th Cir. 2016) (internal quotation marks omitted). "Under this standard, we do not weigh evidence or independently assess credibility; rather, even if we disagree with the BIA's conclusions, we will not reverse if they are supported by substantial evidence and are substantially reasonable." *Id.* (brackets and internal quotation marks omitted).

Hernandez argues to this court that the BIA "erred in affirming the IJ's determination that [she] was inadmissible and, consequently, ineligible for adjustment of status because she was convicted of a disqualifying crime." Aplt. Br. at 2. The fact that Hernandez was *arrested* for possession of a controlled substance—

3

a "disqualifying crime"—is not in dispute. What is in dispute is whether she was *convicted* of that crime.

> The Immigration and Nationality Act (INA) defines *conviction* as follows:
>
> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where [:] (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A). That definition was clearly satisfied here. Hernandez entered a plea of guilty and the judge imposed restraints on her liberty—the conditions of her supervised probation.

Hernandez has provided no facts or argument to undermine that conclusion. She claims that her prosecution was terminated in a nolle prosequi. And she notes that the Policy Manual of the United States Citizenship and Immigration Services says that a ruling of nolle prosequi is not a conviction. But the only record of a nolle prosequi in her state proceedings was the nolle prosequi entered several days after her initial arrest. That nolle prosequi was without prejudice to refiling, and the charge was refiled a few months later.

Moreover, we lack jurisdiction to consider Hernandez's nolle prosequi argument because it was not presented to the BIA. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991) ("The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter.").

Finally, Hernandez's request that the BIA remand the matter to the IJ so that she can present additional evidence was properly rejected because she offered no evidence that could make a difference in her case.

We **DENY** Hernandez's petition for review of the BIA's order.

Entered for the Court

Harris L Hartz
Circuit Judge