**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE LUIS BARRIOS-CANORIO,

Petitioner,

v.

ALBERTO R. GONZALES, * Attorney
General; MICHAEL CHERTOFF, **
Secretary, Dept. of Homeland Security
and Bureau of Custom & Immig.
Enforcement,

Respondents.

No. 04-9611
(No. A78-120-993)
(Petition for Review)

**ORDER AND JUDGMENT** ***

Before **HENRY** , **ANDERSON** , and **TYMKOVICH** , Circuit Judges.

---

\*      On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

\*\*      On March 3, 2005, Michael Chertoff became the Secretary of the
Department of Homeland Security. In accordance with Rule 43(c)(2) of the
Federal Rules of Appellate Procedure, Mr. Chertoff is substituted for Tom Ridge
as the Respondent in this action.

\*\*\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Jose Luis Barrios-Canorio, a native and citizen of Peru, seeks review of a final order of removal issued by the Board of Immigration Appeals (BIA) that summarily affirmed the immigration judge's (IJ) denial of his requests for asylum, restriction on removal, and relief under the Convention Against Torture (CAT).[1] We dismiss the petition for review as to Mr. Barrios-Canorio's application for asylum and relief under the CAT for want of jurisdiction. We deny the petition for review as to his request for restriction on removal because the IJ's findings of fact are supported by substantial evidence in the record.

When the BIA summarily affirms an IJ's decision without providing its own reasoning, we review the IJ's decision as if it were the BIA's. *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003). The IJ in this case ruled that (1) asylum must be denied because Mr. Barrios-Canorio did not file his asylum application in a timely manner and did not demonstrate that his tardiness was due

---

[1] Although the BIA, the IJ, and the parties refer to "withholding of removal," the proceedings in this case were initiated after the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we therefore use the new statutory "restriction on removal" terminology in this order and judgment. *See Wiransane v. Ashcroft*, 366 F.3d 889, 892-93 n.1 (10th Cir. 2004).

-2-

to changed or extraordinary circumstances; (2) restriction on removal and relief under the CAT must be denied because Mr. Barrios-Canorio failed to demonstrate that he had suffered past persecution or that it would be more likely than not that he would be persecuted or tortured if he was returned to Peru; and (3) Mr. Barrios-Canorio was ineligible for voluntary departure because he had been convicted of a theft offense for which the term of imprisonment was at least one year.

In his petition for review, Mr. Barrios-Canorio challenges most of the foregoing rulings and raises several points concerning the merits of his asylum claim. He also argues, for the first time in this court, that because a state court has vacated his conviction and re-sentenced him *nun pro tunc* to less than one year of imprisonment, his conviction no longer constitutes an aggravated felony.

## I.

We have jurisdiction over petitions for review of final orders of removal, 8 U.S.C. § 1252(a), but that jurisdiction is limited. Pertinent to the case at hand, we do not have jurisdiction to review any determination related to the timeliness of an application for asylum. *Tsevegmid*, 336 F.3d at 1234-35 (discussing 8 U.S.C. § 1158(a)(3)). We therefore cannot address the substance of Mr. Barrios-Canorio's arguments concerning the timeliness (or merit) of his

-3-

asylum application, and we dismiss the petition for review as to asylum for lack of jurisdiction under 8 U.S.C. § 1158(a)(3). *See also* 8 U.S.C. § 1158(a)(2)(B) (timely-filed application for asylum is a statutory prerequisite to being considered for such relief).

We are also without jurisdiction to review an issue that an alien failed to raise on appeal to the BIA because the failure to raise an issue before the BIA constitutes a failure to exhaust administrative remedies. *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991); *see also* 8 U.S.C. § 1252(d)(1) (foreclosing judicial review when administrative remedies are not exhausted). In this case, Mr. Barrios-Canorio failed to argue before the BIA that he was eligible for voluntary departure because he had been re-sentenced to less than one year of imprisonment and therefore his conviction no longer constituted an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(G) ("aggravated felony" means "a theft offense . . . for which the term of imprisonment [is] at least one year"). *See also* § 1229c(b)(1)(B) (requiring a finding of "good moral character" to be eligible for voluntary departure); § 1101(f)(8) (stating that no person shall be deemed to be "of good moral character" if he "has been convicted of an aggravated felony"). Since this issue was not raised on appeal to the BIA, we do not have jurisdiction

to entertain it. [2] Likewise, Mr. Barrios-Canorio, on appeal to the BIA, failed to challenge the IJ's denial of relief under the CAT. Indeed, he made no mention of the regulations that implement the CAT. 8 C.F.R. §§ 1208.16, 1208.17, 1208.18. Accordingly, we dismiss the petition for review as to the CAT for lack of jurisdiction under 8 U.S.C. § 1252(d)(1).

## II.

We now turn to the one issue in Mr. Barrios-Canorio's petition for review that we have jurisdiction to consider: his contention that the IJ's denial of his request for restriction on removal is not supported by substantial evidence. *See Tsevegmid*, 336 F.3d at 1235 (explaining that although 8 U.S.C. § 1158(a)(3) strips court of jurisdiction to consider timeliness of asylum application, it does not prevent court from exercising jurisdiction, under § 1252(a), to review a denial of withholding of removal). As previously noted, we review the IJ's decision in this case as if it were the BIA's. *See Tsevegmid*, 336 F.3d at 1235. In so doing, "[w]e consider any legal questions de novo, and we review the agency's findings of fact under the substantial evidence standard." *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004); 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative

---

[2] Moreover, this court has held that "we lack jurisdiction to review an immigration judge's refusal to grant voluntary departure." *Ekasinta v. Gonzales*, 415 F.3d 1188, 1190 (10th Cir. 2005) (citing 8 U.S.C. § 1229c(f)).

findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

To qualify for restriction on removal, an applicant must "establish a clear probability of persecution" attributable to "race, religion, nationality, membership in a particular social group, or political opinion." *Elzour*, 378 F.3d at 1149 (citing 8 U.S.C. § 1231(b)(3)(A)). "This test requires the alien to show that such persecution is more likely than not." *Id.* Mr. Barrios-Canorio attempted to satisfy this test by proffering facts that, he claimed, amounted to past persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i) ("If the applicant is determined to have suffered past persecution . . ., it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal."). The IJ disagreed, finding that while Mr. Barrios-Canorio's "one incident of direct contact . . . with the MRTA guerrillas," may have left him feeling "insecure," that contact did not "amount[] to past persecution." Admin. R. at 43. The IJ concluded: "the Court finds that the respondent has not shown that it is more likely than not that he would be subject to persecution . . . if he's returned to Peru. Based on this finding, the Court must deny the relief of withholding of removal." *Id.* at 44.

After reviewing the briefs and record in accordance with the prescribed deferential standard of review, we cannot conclude that a reasonable adjudicator would be compelled to reject the IJ's findings of fact. Rather, the IJ's findings of

fact are supported by substantial evidence, and we deny the petition for review as to Mr. Barrios-Canorio's request for restriction on removal.

### III.

The petition for review is DISMISSED IN PART and DENIED IN PART.

Entered for the Court

Stephen H. Anderson
Circuit Judge